**BROWN KWON & LAM LLP**
Angela Kwon, Esq. (AK7296)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
akwon@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICTOR CATANO,<br>*on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>- against -<br><br>MARGON RESTAURANT CORP.<br>     d/b/a MARGON,<br>GUADALUPE RIVAS,<br>and RAFAEL RIVAS,<br><br>Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Victor Catano ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants Margon Restaurant Corp. d/b/a Margon ("Corporate Defendant"), Guadalupe Rivas, and Rafael Rivas (collectively, "Individual Defendants," and together with Corporate Defendant, "Defendants") and alleges as follows:

**INTRODUCTION**

1.      Plaintiff brings this action on behalf of himself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime, and (2) attorneys' fees and costs.

2.      Plaintiff also brings this action on behalf of himself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid overtime, (2) unpaid wages for all hours worked, (3) unpaid minimum wage, (4) unpaid spread of hours, (5) stautory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

3.      Plaintiff further alleges, pursuant to the FLSA, 29 U.S.C. § 215(a)(3), and NYLL § 215, that Defendants retaliated against Plaintiff for speaking out about Defendants' unlawful wage practices, seeking from Defendants: (1) economic damages, (2) liquidated damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

5.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiff*

8.      Plaintiff Victor Catano is an adult who resides in Queens County, New York.

9.      Plaintiff Victor Catano was a covered employee within the meaning of the FLSA and NYLL.

10.     Plaintiff Victor Catano retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

### *Defendants*

11.     At all relevant times, Defendants owned and operated a restaurant named "Margon" located at 136 West 46th Street, New York, NY 10036 (hereinafter, "Margon Restaurant").

12.     At all relevant times, Defendants jointly employed Plaintiff and similarly situated employees at Margon Restaurant.

13.     Corporate Defendant Margon Restaurant Corp. is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 136 West 46th Street, New York, NY 10036.

14.     At all relevant times, Defendants operated Margon Restaurant through Corporate Defendant Margon Restaurant Corp.

15.     At all relevant times, Corporate Defendant Margon Restaurant Corp. had an annual dollar volume of sales in excess of $500,000.

16.     Corporate Defendant Margon Restaurant Corp. is a covered "employer" within the meaning of the FLSA and NYLL.

17.     Corporate Defendant Margon Restaurant Corp. employed Plaintiff and similarly situated employees.

18.     At all relevant times, Corporate Defendant Margon Restaurant Corp. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, discipline, timekeeping, payroll, and other employment practices and working conditions.

19.     At all relevant times, Corporate Defendant Margon Restaurant Corp. applied the same employment policies, practices, and procedures to all non-exempt employees at Margon Restaurant.

20.     At all relevant times, Individual Defendant Guadalupe Rivas was an owner and operator of Margon Restaurant.

21.     At all relevant times, Individual Defendant Guadalupe Rivas was a principal of Corporate Defendant Margon Restaurant Corp.

22.     Individual Defendant Guadalupe Rivas is a covered "employer" within the meaning of the FLSA and NYLL.

23.     Individual Defendant Guadalupe Rivas employed Plaintiff and similarly situated employees at Margon Restaurant.

24.     At all relevant times, Individual Defendant Guadalupe Rivas was directly involved in managing the day-to-day operations of Margon Restaurant. Individual Defendant Guadalupe Rivas came to Margon Restaurant every day, supervised and instructed restaurant employees regarding their job duties, and ensured that the employees effectively serve the customers and that the business is operating efficiently and profitably.

25.     At all relevant times, Individual Defendant Guadalupe Rivas had authority over personnel or payroll decisions and employment policies, practices, and procedures at Margon Restaurant.

26. At all relevant times, Individual Defendant Guadalupe Rivas had the power to hire, fire, promote or discipline Plaintiff and similarly situated employees, and control the terms and conditions of their employment at Margon Restaurant, including their work assignments, work schedules, pay and responsibilities.

27. At all relevant times, Plaintiff and similarly situated employees at Margon Restaurant spoke to Individual Defendant Guadalupe Rivas if they had any issues, complaints or requests about the terms and conditions of their employment. Individual Defendant Guadalupe Rivas had the authority to make any changes to address such issues, complaints or requests by Plaintiff and other employees.

28. At all relevant times, Individual Defendant Guadalupe Rivas had the power to prevent or stop any unlawful practices that harmed Plaintiff and similarly situated employees at Margon Restaurant.

29. At all relevant times, Individual Defendant Guadalupe Rivas had the power to maintain employment records, including time and/or wage records of Plaintiff and similarly situated employees at Margon Restaurant.

30. At all relevant times, Individual Defendant Rafael Rivas was an owner and operator of Margon Restaurant.

31. At all relevant times, Individual Defendant Rafael Rivas was a principal of Corporate Defendant Margon Restaurant Corp.

32. Individual Defendant Rafael Rivas is a covered "employer" within the meaning of the FLSA and NYLL.

33. Individual Defendant Rafael Rivas employed Plaintiff and similarly situated employees at Margon Restaurant.

34.     At all relevant times, Individual Defendant Rafael Rivas was directly involved in managing the day-to-day operations of Margon Restaurant. Individual Defendant Rafael Rivas came to Margon Restaurant every day, supervised and instructed restaurant employees regarding their job duties, and ensured that the employees effectively serve the customers and that the business is operating efficiently and profitably.

35.     At all relevant times, Individual Defendant Rafael Rivas had authority over personnel or payroll decisions and employment policies, practices, and procedures at Margon Restaurant.

36.     At all relevant times, Individual Defendant Rafael Rivas had the power to hire, fire, promote or discipline Plaintiff and similarly situated employees, and control the terms and conditions of their employment at Margon Restaurant, including their work assignments, work schedules, pay and responsibilities.

37.     At all relevant times, Plaintiff and similarly situated employees at Margon Restaurant spoke to Individual Defendant Rafael Rivas if they had any issues, complaints or requests about the terms and conditions of their employment. Individual Defendant Rafael Rivas had the authority to make any changes to address such issues, complaints or requests by Plaintiff and other employees.

38.     At all relevant times, Individual Defendant Rafael Rivas had the power to prevent or stop any unlawful practices that harmed Plaintiff and similarly situated employees at Margon Restaurant.

39.     At all relevant times, Individual Defendant Rafael Rivas had the power to maintain employment records, including time and/or wage records of Plaintiff and similarly situated employees at Margon Restaurant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of himself and all similarly situated current and former non-exempt employees employed at Margon Restaurant owned, operated, and/or controlled by Defendants, from the date that is three (3) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

41.     At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA Collective Members the full and proper overtime wages for all hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

42.     All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and FLSA Collective Members have performed.

43.     Defendants are aware or should have been aware that federal law required them to pay employees overtime wages for all of the hours they work.

44.     For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

45.    Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of himself and a class of persons consisting of all current and former non-exempt employees employed at Margon Restaurant owned, operated, and/or controlled by Defendants, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

46.    Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

47.    The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

48.    The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

49.     Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

50.     Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay overtime, (ii) failing to pay the wages for all hours worked, (iii) failing to pay minimum wage, (iv) failing to pay spread of hours, (v) failing to provide proper wage notices, and (vi) failing to provide proper wage statements, in violation of the NYLL.

51.     Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

52.     Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures under the NYLL.

53.     Plaintiff is able and willing to fairly and adequately protect the interests of Class Members, and have no interests antagonistic to Class Members.

54.     Plaintiff is represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

55.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

56.     On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

57.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

58.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

59.     Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

a.  Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

b.  Whether Defendants paid Plaintiff and Class Members overtime wages at a rate not less than one and one-half times the regular rate;

c.  Whether Defendants paid Plaintiff and Class Members the full and proper wages for all hours worked;

d.  Whether Defendants paid Plaintiff and Class Members the lawful minimum wage;

e.  Whether Defendants failed to pay Plaintiff and Class Members the spread-of-hours pay for workdays exceeding ten (10) hours;

f.  Whether Defendants failed to furnish Plaintiff and Class Members with proper wage notices, at hire and before a pay change, as required by the NYLL; and

g.  Whether Defendants failed to furnish Plaintiff and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

## **STATEMENT OF FACTS**

60.     Plaintiff Victor Catano was employed by Defendants as a food preparer and dishwasher at Margon Restaurant from in or around April 2021 through January 2022.

61.     62.     Throughout his employment with Defendants, Plaintiff Victor Catano worked under the direct supervision of the restaurant owners Guadalupe Rivas and Rafael Rivas, who were at the restaurant every day.

62.     Throughout his employment with Defendants, Plaintiff Victor Catano worked eleven and a half (11½) hours per day, from 6:30 a.m. to 6:00 p.m., for six (6) days per week, Monday through Saturday, for a total of sixty-nine (69) hours per week, every week.

63.     Throughout his employment with Defendants, Plaintiff Victor Catano was not given any breaks and was required to eat his meals while working.

64.     Throughout his employment with Defendants, Plaintiff Victor Catano was paid at a regular rate of $15.00 per hour.

65.     Throughout his employment with Defendants, Plaintiff Victor Catano was paid partially on the books via check and partially off the books in cash.

66.     From the beginning of his employment in or around April 2021 until in or around June 2021, Defendants paid Plaintiff Victor Catano for only up to forty (40) hours of work every week. Specifically, every week during this time period, Defendants paid Plaintiff (i) $300 in check, on the books, for twenty (20) hours of work, and (ii) $300 in cash, off the books, for twenty (20) hours of work. Defendants failed to pay any wages for any hours that Plaintiff worked in excess of forty (40) hours per week.

67.     After Plaintiff Victor Catano complained to Defendants about the unpaid wages, starting in or around June 2021, Defendants paid Plaintiff an additional $100 in cash per week. Specifically, Defendants paid Plaintiff (i) $300 in check, on the books, for twenty (20) hours of work, (ii) $300 in cash, off the books, for twenty (20) hours of work, and (iii) an additional $100 in cash, off the books, every week during this time period.

68.     Throughout his employment with Defendants, Plaintiff was not paid the full and proper wages for all of his hours worked.

69.     Throughout his employment with Defendants, Plaintiff was not paid the full and proper overtime wages at a rate not less than one and one-half his regular rate of pay, despite working hours in excess of forty (40) every week.

70.     Due to Defendants' failure to pay the full and proper wages, Plaintiff was, in effect, not paid the New York minimum wage for his hours worked every week throughout his employment with Defendants.

71.     Throughout his employment with Defendants, Plaintiff was not paid any spread of hours for his workdays exceeding ten (10) hours.

72.     Throughout his employment with Defendants, Plaintiff did not receive proper wage statements from Defendants. Specifically, Defendants' wage statements that were provided to Plaintiff fraudulently reflected only twenty (20) work hours every week.

73.     Throughout his employment with Defendants, Plaintiff did not receive proper notices of pay rate or pay day from Defendants at hire or before the changes in pay.

74.     In or around early January 2022, Plaintiff spoke to Defendant Guadalupe Rivas regarding Defendants' unlawful failure to pay proper wages for all of his hours worked since the beginning of his employment. After Plaintiff complained of unpaid wages, Defendants engaged in an escalating series of adverse employment actions against Plaintiff, ultimately resulting in termination.

75.     Specifically, Defendants started overworking Plaintiff, giving him additional strenuous tasks amounting to three persons' work. In addition, Defendants engaged in unjust scrutiny, reprimand, and harassment, yelling and screaming at Plaintiff and threatening to fire him throughout the workday. During this time, no other employees at the restaurant were subject to such scrutiny, hostility, or unfair treatment. Such work environment caused Plaintiff to feel extreme stress and fear that he would lose his job. Nonetheless, Plaintiff continued to voice his complaints regarding the unpaid wages, stating that he could no longer work for Defendants for free.

76.     Soon after, on or around January 19, 2022, Defendants terminted Plaintiff's employment in retaliation for his complaints of unpaid wages.

77.     Based on Plaintiff's observations and conversations with co-workers, Defendants applied the same pay policies and practices at Margon Restaurant.

78.     Based on Plaintiff's observations and conversations with their co-workers at Margon Restaurant, FLSA Collective Members and Class Members worked hours similar to Plaintiff's work hours, regularly exceeding ten (10) per day and forty (40) hours per week.

79.     Based on Plaintiff's observations and conversations with their co-workers at Margon Restaurant, Defendants failed to pay Plaintiff, FLSA Collective Members and Class Members for all hours worked, including hours worked in excess of forty (40) per week.

80.     Based on Plaintiff's observations and conversations with their co-workers at Margon Restaurant, Defendants failed to pay Plaintiff, FLSA Collective Members and Class Members the full and proper overtime wages at a rate not less than one and one-half his regular rate of pay for hours worked in excess of forty (40) every week.

81.     Based on Plaintiff's observations and conversations with their co-workers at Margon Restaurant, Defendants failed to pay Plaintiff and Class Members the New York minimum wage for their hours worked every week.

82.     Based on Plaintiff's observations and conversations with their co-workers at Margon Restaurant, Defendants failed to pay Plaintiff and Class Members any spread of hours pay when the interval between the beginning and the end of their workdays exceeded ten (10) hours.

83.     Based on Plaintiff's observations and conversations with their co-workers at Margon Restaurant, Defendants failed to provide proper wage statements to Plaintiff and Class Members as required under the NYLL. The wage statements that were provided to Plaintiff and

Class Members failed to accurately reflect their hours worked and failed to state other required information.

84.    Based on Plaintiff's observations and conversations with their co-workers at Margon Restaurant, Defendants failed to provide any wage notices to Plaintiff and Class Members as required under the NYLL.

85.    Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful overtime wage to Plaintiff and Class Members, in violation of the FLSA and NYLL.

86.    Defendants knowingly and willfully operated their business with a policy of failing to pay the full and proper wages for all hours worked by Plaintiff and Class Members, in violation of the NYLL.

87.    Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful minimum wage to Plaintiff and Class Members, in violation of the NYLL.

88.    Defendants knowingly and willfully operated their business with a policy of not paying the spread-of-hours pay to Plaintiff and Class Members, in violation of the NYLL.

89.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members pursuant to the requirements of the NYLL.

90.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members pursuant to the requirements of the NYLL.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
*Unpaid Wages in Violation of the Fair Labor Standards Act*

91.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92.    The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

93.    Defendants failed to pay Plaintiff and FLSA Collective Members overtime wages at the proper rate of one and one-half times the regular rate for all hours worked in excess of forty (40) per workweek, in violation of the FLSA.

94.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

95.    Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members the lawful overtime wages when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

96.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

97.    As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

98.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

### SECOND CAUSE OF ACTION
#### *Unpaid Wages in Violation of the New York Labor Law*

99.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.     At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

101.     Defendants failed to pay Plaintiff and Class Members the full and proper wages for all hours worked, in violation of the NYLL.

102.     Defendants failed to pay Plaintiff and Class Members overtime wages at the proper rate of one and one-half times the regular rate for all hours worked in excess of forty (40) per workweek, in violation of the NYLL.

103.     Defendants failed to pay Plaintiff and Class Members the minimum wage to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

104.     Pursuant to the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, Defendants are required to pay Plaintiff and the Class the

full minimum wage at a rate of (a) $8.75 per hour for all hours worked from December 31, 2014

through December 30, 2015; and (b) $9.00 per hour for all hours worked from December 31, 2015

through December 30, 2016; (c) $11.00 per hour for all hours worked from December 31, 2016

through December 30, 2017; (d) $13.00 per hour for all hours worked from December 31, 2017

through December 30, 2018; and (e) $15.00 per hour for all hours worked from December 31, 2018

through the present.

105.    Defendants failed to pay spread-of-hour wages to Plaintiff and Class Members for

the workdays on which the interval between the beginning and the end of their shifts exceeded ten

(10) hours, in violation of the NYLL.

106.    Defendants failed to furnish Plaintiff and the Class with proper wage notices as

required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee

as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed

as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the

name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address if different; the

telephone number of the employer.

107.    Defendants failed to furnish Plaintiff and the Class with an accurate statement of

wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of

work covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as

part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable;

18

the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

108.   Defendants failed to properly disclose or apprise Plaintiff and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

109.   As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid overtime, unpaid wages for hours worked, unpaid minimum wage, unpaid spread of hours, liquidated damages, statutory penalties, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

### THIRD CAUSE OF ACTION
### *Retaliation in Violation of the Fair Labor Standards Act*

110.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111.   Plaintiff is an employee and a protected person within the meaning of the FLSA and Defendants are covered employers under the FLSA.

112.   The FLSA prohibits employers from discharging, penalizing, or in any manner discriminating or retaliating against an employee for making a verbal or written complaint regarding possible wage-and-hour violations under the FLSA. 29 U.S.C. § 215(a)(3).

113.   Defendants unlawfully retaliated against Plaintiff on the basis of his protected activities under the FLSA by engaging in an escalating series of adverse employment actions against Plaintiff after he made an internal complaint regarding unpaid wages.

114.   As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

115.    Due to Defendants' violation of FLSA, namely, retaliation against Plaintiff for engaging in protected activities, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) liquidated damages; and (3) attorneys' fees.

**FOURTH CAUSE OF ACTION**
***Retaliation in Violation of the New York Labor Law***

116.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

117.    Plaintiff is an employee and a protected person within the meaning of the NYLL and Defendants are covered employers under the NYLL.

118.    The NYLL § 215 prohibits employers from discharging, penalizing, or in any manner discriminating or retaliating against an employee for making a verbal or written complaint regarding possible wage-and-hour violations under the NYLL.

119.    Defendants unlawfully retaliated against Plaintiff on the basis of his protected activities under the NYLL by engaging in an escalating series of adverse employment actions against Plaintiff after he made an internal complaint regarding unpaid wages.

120.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm for which she is entitled to an award of monetary damages and other relief.

121.    Due to Defendants' violation of NYLL, namely, retaliation against Plaintiff for engaging in protected activities, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) liquidated damages; and (3) attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Members and the Class, respectfully requests that this Court grant the following relief:

20

a.  Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b.  Certification of this case as a class action pursuant to Rule 23;

c.  Designation of Plaintiff as representatives of the Class and counsel of record as Class Counsel;

d.  An award of unpaid overtime due under the FLSA and NYLL;

e.  An award of unpaid wages for hours worked due under the NYLL;

f.  An award of unpaid minimum wage due under the NYLL;

g.  An award of unpaid spread of hours due under the NYLL;

h.  An award of liquidated damages as a result of Defendants' failure to pay wages pursuant to the FLSA or NYLL;

i.  Statutory penalties for Defendants' failure to provide proper wage notices as required by the NYLL;

j.  Statutory penalties for Defendants' failure to provide proper wage statements as required by the NYLL;

k.  An order awarding relief for Defendants' retaliation, including but not limited to lost compensation and liquidated damages due under the FLSA and NYLL;

l.  Pre-judgment and post-judgment interest;

m.  Reasonable attorneys' fees and costs of this action;

n.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

o.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth

herein; and

p.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury on all issues so triable as of right by jury.

Dated:  September 28, 2022                    Respectfully submitted,

                                             **BROWN, KWON & LAM LLP**

                              By:      */s/ Angela Kwon*

                                             Angela Kwon, Esq. (AK7296)
                                           521 Fifth Avenue, 17th Floor
                                           New York, NY 10175
                                           Tel.: (212) 295-5828
                                           Fax: (718) 795-1642
                                           akwon@bkllawyers.com
                                           *Attorneys for Plaintiff*